UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALVARO GUILLEMOT, A-247-060-105,

Petitioner,

v.

CHRISTOPHER CHESTNUT, WARDEN, et al.,

Respondents.

No. 1:26-cv-06483-DJC-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner is detained by Immigrations and Customs Enforcement (ICE) and proceeds on a petition for writ of habeas corpus under 28 U.S.C. § 2241 which he filed while he was unrepresented by counsel. (ECF No. 1.) Respondent filed a motion to dismiss. (ECF No. 7.) Petitioner opposed the motion to dismiss and requested that this court stay his removal. (ECF No. 8.) After briefing on the petition, petitioner filed a further motion requesting that he be immediately released. (ECF No. 12.) On October 7, 2026, counsel appeared for petitioner. For the following reasons, the undersigned recommends the petition be denied without prejudice.

Petitioner is a citizen of Italy who entered the United States on a visa on July 5, 2023, which was valid through October 2, 2023. (ECF No. 7-3.) Under the petition's allegations, he began the process to become a legal resident in April of 2025. (ECF No. 1 at 6.) Petitioner was detained on April 27, 2026, after he summoned emergency help for others while working at the jet ski business he owns and runs. (Id. at 6.) He has been in immigration custody since then.

On August 24, 2026, an immigration judge (IJ) granted the Department of Homeland Security's unopposed motion to dismiss removal proceedings under 8 C.F.R. § 1239.2(c) and 239.2(a)(6) without prejudice. (ECF No. 7-2.) Respondent asserts—and petitioner has not disputed—that also on that date, petitioner became subject to a final administrative order of removal (FARO). (ECF No. 7 at 1.)

Petitioner was present in the interior of the United States when he was detained by ICE, and the applicable detention authority at the time of his detention was 8 U.S.C. § 1226. See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) (holding that noncitizens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)). Petitioner had a bond hearing on July 24, 2026, where bond was denied based on the IJ's finding that petitioner would present a flight risk if released. (ECF No. 7-1.)[1]

The petition seeks petitioner's release from custody. (ECF No. 1 at 7.) However, petitioner provides no authority showing he is entitled to an order of release. Petitioner has not disputed that he became subject to a FARO on August 24, 2026. The FARO is a final order of removal based on a streamlined proceeding for which there is no available review before an IJ or the BIA. See Riley v. Bondi, 606 U.S. 259, 267 (2025). Detention under 8 U.S.C. § 1231 for at least 90 days while the FARO is effectuated clearly comports with due process. See Zadvydas v. Davis, 533 U.S. 678, 700-01 (2001).[2] Accordingly, petitioner fails to show he is presently in custody in violation of the Constitution or federal law. Moreover, the court lacks jurisdiction to

---

[1] Petitioner, who is now represented by counsel, has never asserted any claim that the procedures used at the hearing violated the Constitution or that immigration judge's finding constituted an abuse of discretion. This court may not second guess the IJ's weighing of the evidence. See Martinez v. Clark, 124 F.4th 775, 784 (9th Cir. 2024).

[2] Although the text of 8 U.S.C. § 1231 contains no time limit on detention, the Supreme Court has held via the canon of constitutional avoidance that it implicitly contains a limit to a period of detention reasonably necessary to bring about the noncitizen's removal from the United States. Zadvydas, 533 U.S. at 689. The presumptively reasonable timeframe for detaining a noncitizen is six months after issuance of a final removal order. Id. at 701. After that, "once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.

issue a stay of removal as petitioner requested while he was still proceeding without counsel. See Martinez v. Napolitano, 704 F.3d 620, 623 (9th Cir. 2012) (holding the language of 8 U.S.C. § 1252 is clear that the exclusive means to challenge an order of removal is the petition for review process); Enwonuw v. Chertoff, No. 06-CV-0834SR, 2006 WL 3833481, at *2 (W.D.N.Y. Dec. 22, 2006) ("district courts throughout the country have held that because district courts have no jurisdiction to review final orders of removal, they have no jurisdiction to review requests for stays of removal").

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 be denied without prejudice.
2. Petitioner's motion to stay removal and motion for immediate release (ECF Nos. 8, 12) be denied.
3. Respondent's motion to dismiss (ECF No. 7) be denied as moot.
4. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 28, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 guil6483.mer